**In re Nina Morehead STAHL, SSN 242–44–6370, Debtor.**

**FIRST DEPOSIT NATIONAL BANK, Plaintiff,**

**v.**

**Nina Morehead STAHL, Defendant.**

**Bankruptcy No. 96–40321.**

**Adversary No. 96–4418.**

United States Bankruptcy Court, W.D. North Carolina, Shelby Division.

June 19, 1998.

Michael Hunter, Charlotte, NC, for Plaintiff.

P. Wayne Sigmon, Gastonia, NC, for Defendant.

### ORDER GRANTING ATTORNEY'S FEES AND JUDGMENT

MARVIN R. WOOTEN, Bankruptcy Judge.

THIS CAUSE coming on to be heard and being heard before the undersigned Judge of the United States Bankruptcy Court for the Western District of North Carolina, Shelby Division, in Charlotte, North Carolina in open court on June 11, 1998 upon the defendant's Application for Attorney's Fees and the defendant's Motion to Reconsider Order from the Bench for Attorney's Fees and it appearing to the Court that there has been adequate Notice and a Hearing of this matter as that term in defined in the Bankruptcy Code and the Rules of Bankruptcy Procedure. Present at the hearing held hereon were Wayne Sigmon, attorney for the defendant, and Michael S. Hunter, attorney for the Plaintiff. From testimony presented, argu-

ments of Counsel and the entire record the Court makes the following:

## FINDINGS OF FACT

1. On May 19, 1998 the Court granted Summary Judgment in behalf of the defendant in this matter.

2. At the May 19, 1998 hearing upon Summary Judgment, the court ordered that the defendant have and recover her reasonable attorney's fees and costs incurred herein and that the attorney for the defendant prepare and file in the Court an application for attorney's fees setting forth all the fees and costs involved which matter was scheduled to be heard on June 2, 1998 at 9:30 o'clock a.m. at which time the court was to also consider the question of fee enhancement.

3. The order as a result of the May 19, 1998 hearing further provided that at the hearing on attorney's fees, judgment shall be entered as set forth in said order including setting appropriate attorney's fees and reimbursement of costs.

4. On May 21, 1998 the attorney for the defendant filed herein an application for attorney's fees indicating that Wayne Sigmon, attorney for the defendant spent 61.25 hours on this matter for which he requests reimbursement at the rate of $225.00 per hour for a total sum of $13,781.25 plus his associate spent 30.35 hours for which reimbursement is requested at the rate of $125.00 per hour for a total of $3,793.75. This renders a total of $17,575.00 in attorney's fees plus advanced costs of $179.38 for a grand total fee and expense request of $17,754.38.

5. At the hearing held upon this matter on June 2, 1998 the fees of the defendants attorney were cut by 50 percent so that an order was announced from the Bench awarding the defendant's attorney fees in the sum of $8,787.50 plus expenses in the sum of $179.38 for a total sum of $8,966.88 to be paid by the plaintiff to the defendant's attorney.

6. On or about June 4, 1998 the defendant filed a Motion to Reconsider Order from the Bench concerning the attorney's fees. Said Motion to Reconsider should be, and the same is granted.

7. Richard M. Mitchell, attorney at law, testified in behalf of the defendant. Richard M. Mitchell testified as a fact witness and as an expert witness as a consumer debtor's attorney. Mr. Mitchell has had prior dealings with attorney Robert Cooper of Rochester, New York, who referred the case of the Plaintiff to local counsel. Mr. Mitchell testified that Mr. Cooper is an extremely aggressive attorney who attempts to succeed in his cases by intimidation and by forcing settlement. Mr. Mitchell's testimony is consistent with the Findings of Fact made by this Court in the Order Granting Summary Judgment.

8. Mr. Mitchell testified that to defend a case filed by or with the assistance of Robert Cooper requires a debtor's attorney to expend significantly more effort than might be expended in an adversary proceeding filed by other members of the creditor's bar. Mr. Mitchell also testified that he had reviewed the fee application for the attorney for the defendant and found the charges to be reasonable.

9. As stated in the Order from the Bench in this matter of June 2, 1998, the fees requested by the attorney for the defendant are reasonable. At the prior hearing, the Court was of the opinion that the attorney for the defendant may have "overworked" this case. However, upon a review of the facts and upon consideration of Mr. Mitchell's testimony, it appears that the nature and conduct of adversary proceedings by Robert Cooper and specifically his actions in this case justify by awarding the fee application of the attorney for the defendant as requested.

## CONCLUSIONS OF LAW

The matter of the Application of the defendant for attorney's fees should be, and the same hereby is, reconsidered. The fees and expenses requested by the attorney for the defendant are reasonable, and, considering the conduct of Robert Cooper and the amount of effort needed to vigorously defend this Adversary Proceeding, the actions of the attorney for the defendant were justified and the fees should be approved as applied for.

IT IS THEREFORE ORDERED AND JUDGMENT IS HEREBY ENTERED, as follows:

1. That the debt of the defendant to the plaintiff be, and the same hereby is, deemed to be discharged; and

2. That the defendant have and recover of the plaintiff her reasonable attorney's fees and costs incurred herein in the total sum of $17,754.38 to be paid by the plaintiff to the defendant's attorney within 20 days of the date of this Order and Judgment.